FILED
2021 Oct-27 PM 06:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| LORI AMANDA CRAPPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 2:21-CV-01165-AMM |
| LINCOLN LIFE ASSURANCE | ) | |
| COMPANY OF BOSTON, | ) | |
| | ) | |
| Defendant. | ) | |

# REPORT OF PARTIES' PLANNING MEETING

1. **Synopsis of the case**.

a. Plaintiff's claims are stated generally in the Complaint and are adopted herein. Plaintiff was a participant in an ERISA-governed welfare benefit plan established and maintained by her employer, Baptist Health System, Inc., to provide short-term and long-term disability benefits to eligible employees. The plan is funded by a policy of insurance issued by Defendant, Lincoln Life Assurance Company of Boston. Plaintiff seeks recovery of these benefits and all others to which she may be entitled pursuant to a finding she is totally disabled. Plaintiff further seeks interest, costs and attorneys' fees, as well as certain other injunctive reliefs identified in her Complaint.

b. Defendant's defenses are stated generally in its Answer, and they are adopted herein. Defendant contends it is not liable because it complied with all terms of the relevant policy. Defendant reasonably, appropriately, and in good faith investigated Plaintiff's claim for benefits and determined that he was not eligible for benefits under the terms of the policy.

2. **The following persons participated in a Federal Rule of Civil Procedure 26(f) conference on October 27, 2021, by telephone.**

M. Clayborn Williams, representing Plaintiff

Iwana Rademaekers, representing Defendant

3. **Initial Disclosures**. The parties have exchanged the information required by Local Rule 26.1 (a)(1).

4. **Discovery Plan. The parties propose this discovery plan**

(a) Discovery will be needed on the following subjects: Plaintiff's claim is pursuant to 29 U.S.C. § 1132(a)(1)(B) for recovery of disability benefits from an ERISA plan, which is insured by Defendant's policy. As such, any discovery sought by Plaintiff is limited to those topics deemed appropriate for these specialized claims.

(b) All discovery commenced in time to be completed by **May 16, 2022**.

(c) Maximum of **25** interrogatories by each party to any other party without prior approval of the Court. Responses due **30** days after service.

(d) Maximum of **30** requests for admission and **30** requests for production by each party to any other party without prior approval of the Court. Responses due **30** days after service.

(e). Maximum of **5** depositions by Plaintiff and **5** by Defendant (excluding experts and parties) without prior approval of the Court.

(f) Each deposition is limited to a maximum of **7** hours.

(g) Reports from retained experts under Rule 26(a)(2) due:

(i.) from Plaintiff by **March 16, 2022**.

(ii.) from Defendant by **April 15, 2022**.

(h) Supplementation under Rule 26(e) due as soon as reasonably possible after new information is discovered, but no later than **30** days before the close of discovery.

5. **Other Items:**

(a) The parties do not request a conference with the court prior to the entry of the scheduling order.

(b) Plaintiff should be allowed until **December 27, 2021** to join additional parties and to amend the pleadings.

(c) Defendant should be allowed until **January 24, 2022** to join additional parties and to amend the pleadings.

(d) All potentially dispositive motions should be filed by **June 15, 2022**.

(e) Settlement prospects cannot be evaluated until the parties exchange initial disclosures and engage in discovery.

(f) The parties are receptive to mediation but do not request Court ordered mediation at this time. The usefulness of Alternative Dispute Resolution procedures cannot be evaluated until the parties exchange initial disclosures and engage in written discovery.

(g) The case should be ready for a non-jury trial on or after **November 1, 2022** and at this time is expected to take approximately **1-2 days**.

(h). **Other Matters.** None.

Respectfully Submitted,

s/ *M. Clayborn Williams*

**M. CLAYBORN WILLIAMS**
Attorney for Plaintiff
**THE MARTIN LAW GROUP, LLC**
P.O. Box 20087
Tuscaloosa, AL 35402
PH: (205) 343-1771
FX: (205) 3431781
Email: clay@erisacase.com

ATTORNEYS FOR PLAINTIFF

AND

*/s/Iwana Rademaekers*

**IWANA RADEMAEKERS**
(*Admitted Pro Hac Vice*)
Texas Bar No. 16452560
Attorney for Defendant
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

- And -

Matthew W. Robinett
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

ATTORNEYS FOR DEFENDANT