FILED
2021 Oct-29 AM 06:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **LORI AMANDA CRAPPS,** | ) |
| | ) |
| **Plaintiff/Counter Defendant,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:21-CV-1165 AMM** |
| | ) |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,** | ) |
| | ) |
| | ) |
| **Defendant/Counter Claimant.** | ) |

# SCHEDULING ORDER

The court enters this order under Federal Rule of Civil Procedure 16(b) based on the parties' report of a planning meeting. Doc. 15. This order governs further proceedings in this action unless modified for good cause shown.

**Extensions for the deadlines set to complete all discovery and file dispositive motions will not be granted absent extraordinary cause. In the event extraordinary cause is shown, only one extension will be granted.**

**I. PLEADINGS AND PARTIES:** Unless a party's pleading may be amended as a matter of course pursuant to Federal Rule of Civil Procedure 15(a), the party must file a motion for leave to amend. Such motion for leave to amend shall state with specificity those matters the party wishes to add or delete and shall contain, attached as an exhibit, the complete and executed amended pleading, suitable for filing. The motion for leave to amend, with the attached amended pleading, must be served in accordance with Federal Rule of Civil Procedure 5.

No causes of action, defenses, or parties may be added after **December 27, 2021** as to plaintiff and **January 24, 2022** as to defendant.

## II. DISCOVERY LIMITATIONS AND DEADLINES

| | |
|---|---|
| **A. Depositions:** | Maximum of 5 by each party (excluding experts and parties). Each deposition is limited to a maximum of seven hours. |
| **Interrogatories:** | Maximum of 25 by any party directed to any other party. |
| **Requests for Production:** | Maximum of 25 by any party directed to any other party. |
| **Requests for Admission:** | Maximum of 30 by any party directed to any other party. |

**B. Expert Testimony:** Unless modified by stipulation of the parties, the disclosures of expert witnesses—including a complete report under Federal Rule of Civil Procedure 26(a)(2)(B) from any specially retained or employed expert—are due:

From plaintiff: by **March 16, 2022**

From defendant: by **April 15, 2022**

**C. Supplementation:** Supplementation of disclosures and discovery under Federal Rule of Civil Procedure 26(e) is due within a reasonable period of time after discovery of such information (which ordinarily will be within twenty-one days of counsel becoming aware of the need to supplement), but in any event all such supplementation shall be provided **no later than thirty days before** the close of discovery.

**D. Deadline:** All discovery must be commenced in time to be completed by **May 16, 2022**.

**E. Clawback Agreement:** The parties did not include a clawback agreement, pursuant to Federal Rule of Evidence 502, in their Rule 26(f) report. If it is determined at a later date that such an agreement is necessary, the parties should file a joint motion and provide a draft order, to the court, for its consideration.

F. **Motions About Discovery Disputes:** Counsel for the moving party **must** confer in person or by telephone with opposing counsel to attempt to resolve their disagreements regarding discovery requests. If the parties are unable to resolve their dispute in that manner, then the party filing the motion for leave of the court shall describe all efforts taken to resolve the disputed matter and shall certify in the motion that the parties conferred pursuant to this order and were unable to reach an agreement. If an attorney makes a good faith effort but is unable to contact opposing counsel, then the attorney shall describe in the motion the attorney's efforts to contact and coordinate with opposing counsel. **Failure to include a statement of the parties' attempt to resolve the matter without the court's intervention may result in an automatic denial of the motion.**

**III. DISPOSITIVE MOTIONS:** All potentially dispositive motions and evidentiary submissions upon which a party will rely in support of the motion must be filed no later than **June 15, 2022**.

The parties must file and brief all dispositive motions consistent with the initial order. Any motion for summary judgment must comply with all the requirements of Appendix II which is attached to the court's initial order. Any other dispositive motion must comply with the requirements of Appendix II to the extent practicable.

Compliance with this requirement will necessitate filing the evidentiary submission in support of the brief separately from the brief and may necessitate filing the evidentiary submission one or more days prior to filing the brief. Both the brief and evidentiary submission must be filed on or before the filing deadline.

**IV. EXTENSIONS:** Absent extraordinary unforeseen circumstances, any motion for an extension of any deadline must be filed three or more days before the deadline sought to be extended. Motions for an extension of time that do not satisfy this requirement will ordinarily be automatically denied. Successive requests for extensions by the same party are disfavored.

Any motion to extend the deadline to complete all discovery must state when the moving party first propounded discovery requests and/or noticed depositions and must include any other information that will help the court

determine how effectively the parties have used the amount of time originally allowed for discovery.

V. **MEDIATION:** Unless a party objects, the court will enter an order referring the parties to mediation and setting a deadline by which mediation must occur. Objections to mediation should be included in the joint status report as described in Part VI. As a general rule, if the court refers the case to mediation, the court will not stay discovery and dispositive motion deadlines.

VI. **JOINT STATUS REPORT:** The parties shall file a joint status report on or before **May 2, 2022**. A **Status Conference** is set for **Monday, May 9, 2022 at 11:30 AM by Zoom.** The court will provide the zoom information to the parties, by email, one week prior to the conference,

The status report should state whether the parties object to mediation and include enough information to allow the court to understand the nature of the case, its current status, including any pending motions, and any current or anticipated problems in preparing the case for trial. Specifically, the court should be advised of the pertinent issues and the parties' positions as to those issues. The status report should not be used to argue the party's case, nor to present all possible legal theories; instead, the report should apprise the court of the case and current issues affecting trial preparation, including the status of critical discovery.

VII. **PRETRIAL CONFERENCE:** A pretrial conference will be scheduled as needed by separate order. Due dates for lists of trial witnesses, exhibits, and objections under Federal Rule of Civil Procedure 26(a)(3) shall be established as needed in a separate pretrial order.

VIII. **TRIAL:** The parties shall be ready for trial in **November 2022.** Trial will be scheduled by separate order.

**IX. NOTICE OF SETTLEMENT:** The parties must notify the court within two business days of reaching any settlement.

**DONE** and **ORDERED** this 29th day of October, 2021.

**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE