FILED
2021 Nov-10 AM 09:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| LORI AMANDA CRAPPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 2:21-CV-01165-AMM |
| LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

# DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIM

Defendant, Lincoln Life Assurance Company of Boston ("Lincoln Life"), by and through its undersigned attorneys, files this Response to Plaintiff's Motion to Dismiss or Strike and Defendant's Counterclaim (Dkt. 12). For the reasons below, Plaintiff's motion must be denied.

## INTRODUCTION

By her Complaint, Plaintiff challenges the termination of her long-term disability ("LTD") benefits from an employee welfare benefits plan (the "Plan") sponsored by his former employer Baptist Health System, Inc. ("BHS") and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as

amended, 29 U.S.C. § 1001 *et seq.* Benefits from the Plan were insured by the Group Disability Income Policy (the "Policy") issued by Lincoln Life to BHS.[1]

As described in detail below, the Policy provides that Social Security Disability Income ("SSDI") benefits are an offset to LTD benefits. The Policy requires that participants reimburse to Lincoln Life any overpayment of LTD benefits. This obligation was confirmed when Plaintiff signed an agreement that she would reimburse Lincoln Life for any overpayment of LTD benefits. Additionally, by this document, Plaintiff specifically elected not to have her LTD benefits reduced by the estimated SSDI benefits during the period prior to the decision by the Social Security Administration ("SSA"). Plaintiff agreed that "Liberty Life has a first lien on all such benefits to the extent of any overpayment or debt," and further agreed "to hold all such Social Security benefits in a trust for the benefit of Liberty Life until the amount of Liberty Life's overpayment has been repaid in full."[2] Plaintiff received a retroactive award of SSDI benefits, thus creating an overpayment of LTD benefits for the period of time that SSDI benefits were not offset from the LTD payments and failed to repay Lincoln Life as she had agreed. Lincoln Life's counterclaim seeks to recover the overpayment owed by

---

1 In ruling on a Motion to Dismiss, the Court may consider ancillary documents without converting the motion into a summary judgment motion if the document is central to Lincoln Life's counterclaim and undisputed (the authenticity of the document is not challenged. Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Harris v. Ivax Corp., 182 F.3d 799, 802 n.2 (11th Cir. 1999). As the Policy and the Social Security/Reimbursement Agreement signed by Plaintiff are both central to Lincoln Life's counterclaims and are undisputed, these two documents are attached to this response as Exhibits A and B, respectively.

2 Social Security/Reimbursement Agreement (Exhibit B) at A(5).

Plaintiff pursuant to the Plan under the Policy and the agreement signed by Plaintiff acknowledging her obligation to repay any overpayment.

## STANDARD OF REVIEW

"A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir.1982); Woodham v. Fed. Transit Admin., 125 F. Supp. 2d 1106, 1108 (N.D. Ga. 2000). The Court must liberally construe the Complaint in favor of Lincoln Life and accept as true all well-pleaded, non-conclusory allegations. Kaiser Aluminum, 677 F.2d at 1050. To defeat Plaintiff's Motion, Lincoln Life must plead "enough facts to state a claim to relief that is plausible on its face," and the "factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

## FACTS[3]

Under the Policy, disability benefits received from the SSA are an offset to LTD benefits.[4] As the SSA frequently takes an extended period of time to award benefits, the Policy provides that Lincoln Life may estimate Social Security

[3] To the extent that Plaintiff may argue that certain facts are not established by the Counterclaim pleading, these issues are reserved as appropriate for discovery, or alternatively, Lincoln Life requests leave of Court to file an amended Counterclaim to address these issues.

[4] Answer and Counterclaim (Dkt 10) ¶ 57; Policy (Exhibit A) at Lincoln/Crapps 0023 and 0030.

benefits to calculate an offset. However, as an accommodation to plan participants, under the Policy, a participant may receive full LTD benefits without such estimated offsets pending a Social Security determination, with the understanding and agreement that the participant must repay Lincoln Life any overpayment caused by a lump sum or retroactive award of SSDI benefits.[5] Furthermore, and particularly relevant to the present case, the reduction of LTD payments by an estimated offset is typically foregone in return for the participant executing a reimbursement agreement[6] promising to repay Lincoln Life for any overpayment at the time an SSDI award is received. Plaintiff admits she received SSDI benefits, including a retroactive award, but has not repaid Lincoln Life the LTD benefits that were overpaid by virtue of the SSDI award.

## MEMORANDUM OF LAW

Based upon the well-pleaded facts in Lincoln Life's counterclaim, Lincoln Life has asserted three alternative causes of action; (1) Unjust enrichment, (2) Constructive trust, and (3) State law breach of contract. Rule 8, Federal Rules of Civil Procedure, expressly authorizes this alternative pleading. None of these are appropriate for dismissal under Rule 12(b)(6), as explained in detail below.

---

[5] Policy (Exhibit A) at Lincoln/Crapps 0032.

[6] Social Security/Reimbursement Agreement (Exhibit B).

## A. Equitable Claims under ERISA, Generally, and Constructive Trust

Plaintiff relies on Montanile v. Board of Trustees of the National Elevator Industry Health Plan, 135 S.Ct. 1700 (2016) to support her contention that dismissal is appropriate at this stage of the litigation. However, Plaintiff's bare bones allegation that, "[w]hatever monies that may have existed – whether from Lincoln Life's previous benefit payments or from Ms. Crapp's SSDI award – have long since been dissipated." However, this allegation in Plaintiff's Motion is not sufficient to meet the Rule 12(b)(6) dismissal standard. All that Plaintiff has done is create a question of fact that must be resolved during the litigation.

Moreover, as the Supreme Court recognized in Montanile, where there is a "type of equitable lien created by agreement," as is the situation here by virtue of Plaintiff's execution of the Social Security/Reimbursement Agreement. Montanile, 135 S.Ct. 1700, *citing* Sereboff v. Mid Atlantic Medical Servs., Inc., 547 U.S. 356, 363-364 (2006). Accordingly, Lincoln Life may maintain its claim for reimbursement under ERISA pursuant to the applicable Supreme Court authority. The Supreme Court has explained that a plan fiduciary may seek reimbursement under 29 U.S.C. § 1132(a)(3) if the claim involves the imposition of a constructive trust or equitable lien on "particular funds or property" in the defendant's (or counter-defendant's) possession, which is exactly the relief sought in Lincoln Life's counterclaim. *See* Sereboff, 547 U.S. at 363-65; Great-West Life

& Annuity Ins. Co. v. Knudson, 534 U.S. 204, 213 (2002). In sum, to state a cause of action that survives Rule 12(b)(6) scrutiny, Lincoln Life need only be able to plead and do what it has done – show that a retroactive SSDI award went into the hands of Plaintiff and Plaintiff's agreement to hold such funds in trust.

**C. Unjust Enrichment Claims**

In neither Montanile nor Sereboff did the Supreme Court specifically address whether a fiduciary may assert claims under the federal or state common law for equitable relief. Instead the Supreme Court was concerned that no matter the title of the claim, so long as the claim was an "equitable" one, it should be permitted. Sereboff, 547 U.S. 356 at 368. Since Lincoln Life's unjust enrichment claim under common law is an "equitable" claim, Lincoln Life's unjust enrichment claim is proper and should not be dismissed.

**D. State Law Claims**

Plaintiff also argued that Lincoln Life's state law claim for breach of contract is preempted by ERISA. Lincoln Life responds that it pled the state law claims as alternative means for relief, in the event this Court does not agree that Sereboff and its progeny establish that a restitution claim can be made by a plan fiduciary when a claimant has specifically agreed to the lien pursuant to 29 U.S.C. § 1132(a)(3). Moreover, the Supreme Court has specifically left this issue unresolved. "We express no opinion . . . whether a direct action by petitioners

against respondents asserting state-law claims such as a breach of contract would have been preempted by ERISA." Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 220 (2002). However, Lincoln Life's breach of contract claim does not require interpretation of the underlying policy or any refusal by Lincoln Life to pay benefits, and therefore, is not preempted by ERISA.

### E. Social Security Law

Plaintiff also asserts that 42 U.S.C. § 407 prevents Lincoln Life from seeking money paid to Plaintiff from the SSA. However, by its face, the statute only applies to "the right of any person to any future payment" of SSA benefits. 42 U.S.C. § 407(a). The retroactive payment already received by Plaintiff is clearly not a "future payment." Moreover, that statute protects SSA benefits from execution, attachment or assignment, meaning that the SSA cannot be compelled to pay benefits owed to Plaintiff to Lincoln Life. Once these benefits are received by Plaintiff, the funds lose their characterization as SSA benefits and are not subject to this statute. Accordingly, this statute does not bar Lincoln Life's counterclaim.

## CONCLUSION AND PRAYER

For the reasons set forth above, Lincoln Life's counterclaim is viable, and Plaintiff has failed to meet the high burden to support a dismissal of the Counterclaim. Lincoln Life requests that this Court deny Plaintiff's Motion to

Dismiss Lincoln Life's Counterclaim and grant it such other relief to which it may be entitled.

Dated this 10th day of November 2021.

Respectfully submitted,

/s/ *Iwana Rademaekers*
Iwana Rademaekers, Esq.
(Admitted *Pro Hac Vice*)
Texas Bar No. 16452560
Attorney for Defendant
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

AND

Matthew W. Robinett
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this the **10th** day of November 2021, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to counsel for the following parties:

M. Clayborn Williams, Esq.
Email: clay@erisacase.com

s/ *Iwana Rademaekers*
Iwana Rademaekers