FILED
2021 Nov-23 PM 03:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LORI AMANDA CRAPPS,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **2:21-cv-01165--AMM** |
| **LINCOLN LIFE ASSURANCE** | ) | |
| **COMPANY OF BOSTON,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

# REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS LINCOLN LIFE'S COUNTERCLAIM

Plaintiff Lori Amanda Crapps ("Ms. Crapps") hereby submits this Reply in further support of her Motion to Dismiss Lincoln Life's Counterclaim. For the reasons below and those explained in her original motion, Defendant Lincoln Life Assurance Company of Boston's ("Lincoln Life") counterclaim must be dismissed or stricken to the extent it seeks an impermissible form of recovery of an overpayment of Plan benefits against Ms. Crapps.

## ARGUMENT ON REPLY

As discussed in Ms. Crapps's original motion, Lincoln Life's counterclaim, which prominently declares itself to a claim for "breach of contract" notwithstanding the snippets of "equity" references thrown in, suffers from two instant defects given

the application of ERISA to the Plan at issue. First, Lincoln Life does not identify any of the benefits it previously paid that remain in Ms. Crapps's possession, which leaves Lincoln Life looking for other impermissible sources to achieve a "recovery" including amounts that are part of Ms. Crapps's general assets. Second, and in addition, 42 U.S.C. § 407 renders void Lincoln Life's attempt to create a purported "lien" against monies Ms. Crapps continues to receive from the SSA.

Seemingly recognizing the infirm way it has pleaded its counterclaim, Lincoln Life charges boldly into both abysses, declaring first with scant explanation that its "Reimbursement Agreement" -- which is subject to, and cannot conflict with, the terms of the Plan itself established by the Plan Sponsor and cannot change them -- established an equitable "lien by agreement." The problem with that bare-bones argument is that the manner of recovery being articulated here by Lincoln Life is not of a restitutional nature. Lincoln Life makes clear in its Response – especially in its embrace of its assertion of plainly preempted "State Law Claims"[1] -- that it is not even trying to identify the particular funds it overpaid for which equitable restitution

---

[1] Lincoln Life's perplexing assertion in its Response (E.C.F. No. 17) at p. 9 that its breach of contract claim "does not require interpretation of the underlying policy" is the mirror image of any argument by an unsophisticated plaintiff unfamiliar with the law of ERISA that the assertion of a separate claim for fraud should be available in a benefits action. In fact, if anything, Lincoln Life's position is even more tenuous, because both the creation of the overpayment obligation and the means available to Lincoln Life to collect it come directly from the Plan Document (or Policy). *See* Exhibit 1, Plan Document at Lincoln/Crapps 0032 (taken From Lincoln Life's Initial Disclosures), attached hereto and upon which all aspects of this action is based.

*would* be possible if such funds could still be identified and traced. Instead, it is seeking its recovery from whatever *other* assets are in Ms. Crapps's possession, including SSDI benefits that 42 U.S.C. § 407(a) mandates are untouchable either "at law or in equity." The Supreme Court has been crystal clear that no such recovery can be had in a case governed by ERISA (which this case is).

Lincoln Life then futilely challenges the application of 42 U.S.C. § 407 contending that it is seeking only "retroactive payment", not "future" payment. Its argument is that once the benefits are actually received by a Social Security claimant, the statutory protection over those benefits dissipates. The implication of Lincoln Life's argument, if it was found to be meritorious, is that 42 U.S.C. § 407 would become an entirely hollow statute devoid of any meaning. If such payments lost protection as soon as they were received because they no longer could be declared a "future payment", the prohibition against transfer, assignment, "execution, levy, attachment, garnishment, or other legal process" would be empty. Lincoln Life cannot rewrite the protection Congress has afforded to Social Security payments, and neither should this Court.

**CONCLUSION**

For these reasons, Lincoln Life's counterclaim seeking legal remedies for breach of contract arising out of an ERISA plan is due to be dismissed because the relief sought is prohibited under 29 U.S.C. § 1132(a)(3) and governing Supreme

Court precedents. Its claim also runs afoul of 42 U.S.C. § 407(a) in its attempt to seize Ms. Crapps's Social Security payments.

Respectfully submitted,

*/s/ M. Clayborn Williams*

M. Clayborn Williams (ASB-9101-A43M)
**The Martin Law Group, LLC**
**Attorneys for Plaintiff**
P.O. Box 20087
Tuscaloosa, AL 35402
Phone (205) 343-1771
Facsimile (205) 343-1781
clay@erisacase.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and service will be perfected upon the following CM/ECF participants electronically on this the 23rd day of November, 2021.

Iwana Rademaekers, Esq.
LAW OFFICES OF IWANA
RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, TX 75252
iwana@rademaekerslaw.com

Matthew W. Robinett
NORMAN, WOOD, KENDRICK
& TURNER
Ridge Park Place, Suite 3000
1130 22nd Street S.
Birmingham, AL 35205
mrobinett@nwkt.com

/s/ M. Clayborn Williams
M. Clayborn Williams (ASB-9101-A43M)